## SAITO v. UNITED STATES (No. 142).[1]

1. IMITATION PONGEE SILK.

    Imitation pongee silk, in chief value of cotton, was dutiable under paragraph 311, tariff act of 1897.

2. A JAPANESE CHAMBER OF COMMERCE CERTIFICATE.

    A certificate of the Yokohama Chamber of Commerce as to the value of a commodity imported from Japan to the United States is admissible under treaty regulations as evidence before the Board of United States General Appraisers.

3. JUDICIAL NOTICE TAKEN.

    Judicial notice will be taken that with the present means of intercommunication between the various countries of the world the price of a commodity like cotton does not greatly fluctuate or differ in different countries.

### United States Court of Customs Appeals, January 5, 1911.

APPEAL from a decision of the Board of United States General Appraisers (T. D. 29848).

[Affirmed.]

*Brown & Gerry,* for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This appeal concerns an importation of imitation pongee silk from Japan, assessed for duty under paragraph 387 of the tariff act of 1897. The goods were returned by the appraiser as manufactured silk and cotton, yarn-dyed, colors, silk under 30 per cent, as goods weighing from 1⅓ to 8 ounces per square yard, and the duty was assessed at 90 cents per pound.

The protest sets forth that the goods weigh not less than 1⅓ and not more than 8 ounces per square yard and contain not more than 20 per cent in weight of silk and were in the gum, and dutiable at 50 cents per pound, and alternatively that if not dutiable as aforesaid, they were dutiable at only 60, 65, 75, or 80 cents per pound as answering the conditions attached to those rates under said section, or were dutiable under the last clause of said paragraph at only 50 per cent ad valorem, or if not as aforesaid, were dutiable under paragraph 391 (as manufactures) at 50 per cent ad valorem. Paragraph 387 fixes a duty of 90 cents per pound on dyed silk other than black not containing more than 30 per cent in weight of silk.

On the hearing before the Board of General Appraisers it was found that the silk weighed between 1⅓ and 8 ounces per square yard, the goods were not dyed, and had been boiled off. It was found that the goods were not dutiable as assessed, but it was further held that they were not dutiable as claimed by the importer, for the reason that the goods were in chief value of cotton and not of silk and therefore dutiable under paragraph 311. The case must turn upon the

---

[1] Reported in T. D. 31184 (20 Treas. Dec., 22).

question as to whether there was competent evidence on which to base the finding that the goods were in chief value of cotton, and whether such evidence was sufficient to overcome that offered by the protestant.

Considerable discussion has been had and briefs filed upon the question of whether the certificates given by the Chamber of Commerce of Yokohama are admissible as evidence of the value of the product on the hearing before the Board of General Appraisers. The commercial agreement between this Government and Germany provided, among other things, that the certificates as to value issued by German chambers of commerce should be accepted by appraisers as competent evidence and be considered by them in connection with such other evidence as might be adduced. By an order of the Treasury Department (T. D. 29150) the provisions of the German agreement were extended to Japan pursuant to the provisions of the most-favored-nation clause in the treaty of commerce and navigation between the United States and Japan concluded November 22, 1894.

Under the administrative act of 1890, section 14, on appeal to the Board of General Appraisers, it became the duty of the collector "to transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers which shall be on duty at the port of New York, or to a board of three general appraisers who may be designated by the Secretary of the Treasury for such duty at that port or at any other port, which board shall examine and decide the case thus submitted, and their decision, or that of a majority of them, shall be final and conclusive upon all persons interested therein * * * except in cases where an application shall be filed in the circuit court within the time and in the manner provided for in section fifteen of this act."

It would seem that testimony competent before the collector is likewise competent before the Board of General Appraisers, and that these certificates were made competent by the treaty regulations.

But if this testimony be wholly ignored, the goods having been assessed as in chief value of silk, the presumption would be in favor of the correctness of the classification, except in so far as it is shown to be incorrect. This leads to the question of whether the evidence adduced by the Government to show that the chief value of these goods was cotton was competent or sufficient. An examination of the record discloses that the finding that the chief value of the goods was of cotton was based upon the testimony of the analyst in charge, who reported cotton to largely preponderate in value. The board, dealing with the question here involved, said:

Counsel for the importer urges that these analyses are entitled to little weight, for the reason that the analyst has adopted European prices of yarns in his calculations and on cross-examination was shown to have no definite knowledge of the

values of yarns in Japan, where these goods were manufactured. This might be a reason for rejecting the analyses if the difference in the value of the component materials was shown to be slight, although it is well known that silk and cotton yarns of the various grades and qualities are regularly quoted in the principal markets of the world, and that at no time is there any great variation in the prices in the several markets for the same quality and grade of yarn.

We agree with the Board of General Appraisers that the objection urged by the importer's counsel goes rather to the weight of the testimony than to its competency.    We may take judicial notice that with the present means of intercommunication between the various countries of the world the price of a commodity like cotton does not greatly fluctuate or differ in different countries, and that when the disparity is so great as in the present case it may be fairly found as a fact that the discrepancy is not due to a variation in markets.

It follows that as the goods are not dutiable under the paragraph named by the importer in his protest, the board was right in rejecting his claim.

The decision is *affirmed.*